# NORTH FLORIDA FEDERAL COURT

## GAINESVILLE

CASE # 1:25CV28 AW/MJF TBA

**KAIN Is-REAL A.K.A KEVIN BURNS**

**PO BOX 555, OLD TOWN FLORIDA 32680**

**FDOC # R-26329 &**

**PRESIDENT DONALD J TRUMP**

**1600 PENNSYLVANIA AVE NW, WASHINGTON, DC 20500**

**NYDOC # UNKNOWN &**

**DEPARTMENT OF GOV. EFFICENCY**

**&**

**1100 S. OCEAN BLVD. PALM BEACH, FL 33480**

**DEPARTMENT OF JUSTICE**

**950 PENNSYLVANIA AVE., NW, WASHINGTON DC 20530 &**

**UNITED STATES CONSTITUTION**

**AND EVERY AMERICAN CITIZEN**

FILED USDC FLND GV
JAN 27 '25 PM5:02

A of D Motion And Evidence 1-20

**LOCATED IN THE UNITED STATES OF AMERICA**

# Vs.

# THE STATE OF FLORIDA

**400 S. MONROE ST TALLAHASSEE, FLA. 32399 &**

# THE RULE OF LAW.

A FIRST AMENDMENT CIVIL RIGHTS CASE THAT ASKS A VERY SIMPLE BUT VERY IMPORTANT FEDERAL QUESTION THAT EFFECTS THE POOR AND MENTALLY ILL TO THE PRESIDANT OF THIS GREAT COUNTY.

1. JURISDICTION CAN BE FOUND IN THE FOUNDING FATHERS UNITED STATES CONSTITUTIONAL.

2. CERTIFICATE OF INTERESTED PERSONS ARE EVERY CITIZEN OF THE UNITED STATES OF AMERICA.

3. FEDERAL QUESTION TO BE ANSWERED;

1. DOES BEING "***DULY SWORN***" TO GIVE A WITNESS STATEMENTS OF FACTS AS A LAW ENFORCEMENT OFFICER, JUDGE OR COUNSEL GIVE THAT PARTY THE LEGAL RIGHT TO PROVIDE THE COURT WITH FALSE OR FABRCATED STATEMENT WITH IMMUNITY EVEN IF IT CAUSE GREAT AND SERIOUS HARM IN VIOLATION OF THE

UNITED STATES CONSTITUTION?

2. DOES A JUDGE WHO WITNESS'S A DOCUMENTED CRIME BEING COMMITTED BEFORE THEM IN THE RECORD OF LAW THAT THEY ARE MAKING A RULING OF LAW ON, LOSE THERE QUILIFIED IMMUNITY PROTECTIONS LIKE SEEING A CASE THAT ONLY HAS A PROBABLE CAUSE WITNESS STATEMENT WROTE BY A ***DULY SWORN*** LAW ENFORCEMENT OFFICER AND A TAPED CONFESSION APART OF COURT RECORD USED TO PROSCUTE A CHILD CHARGE AS AN

ADULT FOR BURGLARY OF AN UN BUILT HOME THAT HAD NO CHAIN OF CUSTODY FOR THE ONLY EVIDENCE THAT WAS A TAPED CONFESSION OF A BAKER ACTED CHILD WHICH PROVES THE CRIME OF FALSE IMPRISONMENT UNDER THE UNTIED STATES CONSTITUTION AND THE SECOND EXSAMPLE IS THE FACT AN EX-JUDGE COUNSEL FILE A DULY SWORN COMPLAINT SAYING A SCHIZO TENANT HAD NOT PAID HIS RENT WHILE BEING IN POSSESSION OF MY RENT CHECK THAT WAS NOT RETURNED UNTIL TWO DAYS AFTER FILING THE COMPLAINT THAT WAS IN VIOLATION OF THE UNITED STATES CONSTITUTION?

4. STATEMENT OF FACTS

a. 2001 was the first time i seen the words **duly sworn** as a child charged as an adult for burglary of a home not built until the year after i was convicted. That the only evidence to the crime was a probable cause witness affidaivit statement wrote by a duly sworn law enforment officer and a taped confession that had no chain of custody to prove it was real and on the advise of legal counsel who knew i was baker acted and intoxicated when i made my statments but said i would spend the rest of my life in prison because i was facing 90 years in prison, if i did not accept the six years in prison the state was offering because they had my confession i made while baker acted after cutting my wrist while on L.S.D like my 911 call stated. That while in prison i found the burglary investigation report to the burglary charges that stated under penalty of purjury that i did not commit any crimes as did my written confession?

b. SEE EXHIBIT PAGE 1 - 10 THAT HAVE BEEN ALTERED FOR READING ATTENTION OF THE PUBLIC BUT ORINGINALS WHERE FAXED TO ssa ALONG WITH MY WRITTEN CONFESSION THAT ALSO SAID I DID NOT COMMIT ANY CRIMES that are apart of the federal case file SSAvs BURNS.

c. In the begaining of 2024 was the second time in my life that i seen ***duly sworn*** when the land owner/ creator that i had a life time lease agreement with, file to have me evicted for none payment of rent while being in possession of my 666 dollar rent payment that over paid

my rent by several month that on 1/23/25 florida assisstant state attorney jarrett thomas and sgt jason vil delt of the dixie county sheriffs office said these actions where not a crime or filing a falifed statement with the court to only cause harm because they did not cash the rent check and did return it to me three days after filing the duly sworn fraudulent complaint statement, however later that night stg. van nile called me at 6:55 pm and made threats to my ~~[illegible]~~ ASSISTANT liberity saying he seen me on video attacting a state attorney. which is a clear lie cause had i done something illegal they would have arrested me not threatened me.

SEE EXHIBIT PAGES ( 11- 20 ) THAT ARE ORINGINLS OR TRUE AND CORRECT COPYS OF THE ORGINALS, BECAUSE IT CLEAR AND SIMPLE WHAT WAS DONE.

I kAIN Is-REAL swear upon my soul and life against the souls and lifes of those involved in this complaint that i have told the truth to the best of my knowledge and did not fake or tell lies about anything said or provided.

THE THIRD TIME I HEARD THE WORD DULY SWORN WAS WHEN PRESIDENT DONALD JOHN TRUMP WAS CONVICTED FOR HIS BILLION DOLLAR RESIDENCE BEING ONLY WORTH 18 MILLION BY A ***DULY SWORN*** STATEMENT ( THAT I HAVE NOT PERSONALLY SEEN BUT HEARD SO NO EVIDENCE TO THIS CLAIM WILL BE MADE)

CERTIFATION OF SERVICE

I WILL MAILED A COPY OF THE ABOVE PETITION TO ALL PARTYS LISTED ADDRESS & NORTH FLORIDA FEDERAL COURT ASSISTANT ATTORNEY GENERAL AT 111 N. ADAMS ST. TALLA, FLA 32399 & CHEIF JUDGE SHAWN CRANE AT 7530 LITTLE ROAD, NEW PORT RICHEY FLORIDA, FLA 34654 & CHIEF JUDGE MELISSA OLIN FOR 3RD JUDICAL CIRCUIT AT 173 NE HERNANDO AVE, LAKE CITY, FLA 32055 DATE 1/27/25

KAIN IsREAL A.K.A KEVIN BURNS
F-DOC-R26329
NON-LAWYER SELF SCHIZO COUNSEL
PO BOX 555, OLD TOWN, FLORIDA 32680

D

(10)

EXHIBIT NO. B20E
PAGE: 7 OF 41

January 22, 2019

C

To Whom It May Concern:
RE: Kevin Burns

Kevin Lee Burns was born March 26, 1984 in Dade City, Florida, as Kevin Lee Rogers. He was raised and eventually adopted by his great-grand parents, Davey and Helen Burns, who have both passed away. My name is Cheryl (Rogers) Gooldin, Kevin's birth mother and grandchild of Davey and Helen Burns.

I have been in and around Kevin during most of his life. He has a history of mental health issues/concerns. He has multiple psychological issues.

In 2006 we allowed Kevin Burns to move in to our home, with the understanding that he get a job and pay rent. In the beginning we lent him one of our cars, until we got him one of his own. He had a plumbing job at a new school construction site. One day Kevin and I we talking and he got mad and started acting out. My husband and I left and when we returned home we noticed a blood trail leading to the garage. We found Kevin in the garage cutting himself. He was not making any sense. We got him cleaned up, bandaged and put him to bed. My husband and I talked about what we were going to do. We decided to Baker Act him. Kevin begged and pleaded with us to wait until the morning. So we did. In the morning Kevin was gone. I had no contact with him until he was sentenced to prison for violating probation for a crime he committed when he was approximately 16 years old. {Another incident that involved an attempted suicide and a psychological exam.} He was always in a prison that supervised prisoners with mental health issues.

In 2015, Kevin once again asked for a place to stay. We noticed multiple "cuts" on his arms and legs. He had been cutting himself. I saw a police report where Kevin had tried to seek treatment at a mental facility in Manatee county. He was denied entry and went to Walmart, bought razor blades and deeply cut his wrist. The Bradenton Police Dept. initiated an Involuntary examination.

Kevin returned to New Port Richey and stayed for a while. On day Kevin came by our business and asked for money, a lot of money, I said no and he got very upset and left. He was gone when I got home. He started sending very nasty text and things spiraled out of control. I applied for and was granted an order of protection.

It was almost a year before I was contacted by an attorney for the Manatee Memorial Hospital who inform me that Kevin was in a coma on life support. He has been diagnosed with several mental health issues. His good days are good, but his bad days are bad. He has been battling these issues for most of his life.

1

Cheryl Gooldin
[signature]

DID SHROOM'S (LSD) while pregnate with me ... the went to a party ... didn

IN THE COUNTY COURT
IN AND FOR DIXIE COUNTY, FLORIDA.

JOHN GOOLDIN and
CHERYL GOOLDIN,

Plaintiffs,

v. CASE NUMBER: 15-2024-CC-

KEVIN BURNS

Defendant.
______________________/

**COMPLAINT FOR TENANT EVICTION**

PLAINTIFFS, John Gooldin and Cheryl Gooldin, sue Defendant, Kevin Burns, and allege:

1. This is an action to evict a tenant from real property in Dixie County, Florida.

2. Plaintiffs own the following described real property in Dixie County, Florida, particularly described as 1498 NE 239TH Avenue, Old Town, Florida 32680.

3. Defendant has possession of the property under a written agreement to pay rent of $50.00 a month payable by the 5th of each month. The agreement also provides that *"failure to pay the monthly fee for a period of 6 or more months will void this agreement."* The agreement is attached and made part of this Complaint as Plaintiff's Exhibit A.

4. Defendant failed to pay rent (fee) due for a period of six months, commencing August, 2023.

5. On March 1, 2024, Plaintiffs served Defendant with a notice of intent to terminate lease per section 83.57, Fla.Stat.. As of April 1, 2024, Defendant has not moved vacated the premises. A copy of this notice is attached to, and made part of, this Complaint as Plaintiff's Exhibit B.

6. Plaintiffs are entitled to the summary procedure provided in Florida Statutes Chapter 51.

7. Plaintiffs are entitled to an award of costs and reasonable attorney's fees pursuant to Florida Statutes Sections 83.59(4) and 83.625.

WHEREFORE Plaintiffs demand judgment against Defendant for the following:

1. For possession of the property.

2. The amount of rent due, unpaid and owing.
3. Costs and reasonable attorney fees.
4. And for further relief the court deems fair and proper.

VERIFICATION

STATE OF FLORIDA
COUNTY OF Pasco

We, John Gooldin and Cheryl Gooldin, being duly sworn, say we are the Plaintiffs in the above-entitled action. We have read the foregoing complaint and know the contents of the complaint. The contents are true to the best of our knowledge.

John Gooldin

Cheryl Gooldin

SUBSCRIBED AND SWORN TO BEFORE ME on April 2nd, 2024, to certify my hand and official seal.

NICOLE PIKE
Notary Public - State of Florida
Commission # HH 120532
My Comm. Expires Apr 22, 2025
Bonded through National Notary Assn.

Notary Public

THE GRIFFIS LAW FIRM, LLC.

By: *Stanley H. Griffis III*

STANLEY H. GRIFFIS, III
Florida Bar No. 118755
13 SE 1ST Avenue
Chiefland, Florida 32626
Tel.: (352) 535-2948
E-Mail: Stan@GriffisLawOffice.com
Attorney for Plaintiffs

THE GRIFFIS LAW FIRM, LLC

STANLEY H. GRIFFIS III

GAINESVILLE PHONE
352-681-4529

CHIEFLAND PHONE
352-535-2948

CRIMINAL DEFENSE

CIVIL LITIGATION

EMINENT DOMAIN

PERSONAL INJURY AND WRONGFUL DEATH

ESTATE PLANNING, PROBATE AND GUARDIANSHIP

FAMILY LAW

FLORIDA SUPREME COURT CERTIFIED CIRCUIT CIVIL MEDIATOR

GRIFFISLAWOFFICE.COM

MAIL:
13 SE 1ST AVE.

April 5, 2024

Kevin Lee Burns
Via hand delivery
Through process server

Re: Gooldin v. Burns

Dear Mr. Burns;

Please find attached the payment you provided to Mr. and Mrs. Gooldin. Said payment is not being accepted and is being returned.

Sincerely,

*/s/ Stanley H. Griffis*

Stanley H. Griffis III

4

No. 1330000105

NCUA

N

A-9

RADIANT CREDIT UNION
4440 NW 25th PLACE • GAINESVILLE, FL 32606 • (352) 381-5200

Acct: 0000149415 Teller: 1397 Date: 03/04/24 Time: 9:10am

See receipt for reference

Check Number: 00 1330000105
Purpose : SHARE WITHDRAWAL
Amount : $666.00
Pay to : CHERYL AND JOHN GOOLDIN
RE: KEVIN LEE BURNS

A stop payment order will be accepted after 90 days of the issuance of this check provided it is lost, stolen or destroyed and a Declaration of Loss and Indemnity Agreement has been properly executed.

OFFICIAL CHECK

No. 1330000105

63-7845
2631

RADIANT CREDIT UNION
4440 NW 25TH PLACE • GAINESVILLE, FL 32606 • (352) 381-5200

03/04/24

$666.00

Pay *** SIX HUNDRED SIXTY-SIX DOLLARS AND 00 CENTS ***

VOID AFTER 90 DAYS

To The Order Of: CHERYL AND JOHN GOOLDIN
RE: KEVIN LEE BURNS

AUTHORIZED SIGNATURE

⑈1330000105⑈ ⑆263178452⑆ 80010100⑈

5

# NOTICE OF INTENT TO TERMINATE LEASE

To: KEVIN LEE BURNS
1500 NE 239th Avenue
Old Town, Florida 32680

Date:

We, John W. and Cheryl L. Gooldin, as your landlord for the property located at 1498 NE 239 Avenue, Old Town, Florida 32680, hereby notify you that we are hereby terminating and voiding our lease for failure to pay rent for at least six consecutive months.

Pursuant to the Florida Statute §83.57, this letter represents official notice to terminate the tenancy for the lease signed on April 1, 2020, of which there was no security deposit placed.

Kevin Lee Burns, along will all possessions, shall be required to vacate the premises by March 31, 2024.

John W. Gooldin
6250 7th Avenue
New Port Richey, Florida 34653

Cheryl L. Gooldin
6250 7th Avenue
New Port Richey, Florida 34653

Hand delivered

Posted

6

Served 1310 Date 3/1/24
Server JW
ID# 2962

38

DIXIE CO CLERK OF COURT
JAN 23 2025 PM4:35

-A

MICHELS &
LUNDQUIST
FUNERAL HOME & CREMATION SERVICES

KEVIN BURNS DROPPED OFF $300.00 CASH FOR CHERYL GOOLDIN ON APRIL 11, 2023 @ 14:06

RECEIVED BY Jon Phillips
JON PHILLIPS

X KB

727-845-1957
5228 Trouble Creek Rd. • New Port Richey, Florida 34652
www.Michels-Lundquist.com

No Receipt for Rent given

20

7

D-28

COUNTY COURT OR CIRCUIT COURT - CRIMINAL DIVISION
PASCO COUNTY, FLORIDA

01-2631 CFAES

STATE OF FLORIDA :

V. : WITNESS AFFIDAVIT

KEVIN LEE BURNS :
SPN 00257999

BEFORE ME, A NOTARY PUBLIC, personally appeared Det. Steven Greiner, who being duly sworn says that the events hereinafter set forth occurred in Pasco County, Florida:

Your Affiant, a sworn law enforcement officer with the Pasco County Sheriff's Office, had occasion to become involved in the investigation of Burglaries of a Dwelling, Grand Theft and six Petit Thefts, which occurred on or between April 21, 2001 and April 30, 2001.

Your Affiant had occasion to come in contact with the DEFENDANT KEVIN LEE BURNS on an unrelated matter. During the course of coming into contact with the DEFENDANT, the DEFENDANT advised your Affiant that he wanted to come clean and confessed to all these burglaries that he had committed. The DEFENDANT then advised your Affiant that, between the above listed dates and times, he did in fact burglarize a dwelling located at 10210 Rudolph Lane in San Antonio, Florida. That dwelling belonging to Jay Mitchell and/or Saber Construction and did in fact remove $100 or more but less than $300 of construction materials from the dwelling.

Wherefore, your Affiant then spoke to Jay Mitchell who advised your Affiant that the DEFENDANT did not have permission to enter the dwelling nor to take any of the property. Furthermore, the

8

DEFENDANT advised your Affiant that he likewise entered a residence at 30501 Double Drive, Wesley Chapel, belonging to Bobby Niswonger and/or Maronda Homes, Inc. He further stated that once inside he removed $100 or more worth of construction material. Your Affiant spoke to Bobby Niswonger who advised the DEFENDANT did not have permission to enter the dwelling nor to take any of the materials. Your Affiant was further advised by the DEFENDANT that he also burglarized a home located at 32042 Brookstone Drive, in Wesley Chapel belonging to William Hashagen and/or American Heritage Homes. Once inside the residence, he did in fact remove construction materials worth less than $100.

Your Affiant spoke to William Hashagen who advised that no one had permission to enter the dwelling nor to take the construction materials.

Your Affiant was further advised by the DEFENDANT that he likewise entered a home located 31907 Grand Reserve Place in Wesley Chapel. The dwelling of William Hashagen and/or American Heritage Homes. Once inside, he likewise removed construction material that had a value of less than $100.

Your Affiant again spoke to William Hashagen who advised the DEFENDANT did not have permission to enter the dwelling nor to take any of the materials.

Your Affiant was further advised by the DEFENDANT that he did in fact remove 30 sheets of plywood from a construction site with the value of $300 or more but less than $5,000.

9

D-31

Your Affiant requests this Honorable Court to find probable cause for six counts of Burglary of Dwelling, six counts of Petit Theft; and one count of Grand Theft, contrary to Florida Statutes 810.02/812.014/812.014, against the Defendant.

The foregoing instrument was acknowledged before me this 03 day of July, 2001 by STEVEN GREINER, who is personally known to me ~~or has produced~~ as identification and who did take an oath.

[signature]
DALE DeCHANT
NOTARY PUBLIC

Dale DeChant
MY COMMISSION # CC81375 EXPIRES
April 3, 2003
BONDED THRU TROY FAIN INSURANCE, INC.

[signature]
AFFIANT

PCSO
AFFIANT'S ADDRESS

352-[redacted]
AFFIANT'S TELEPHONE NUMBER

County Court or Circuit Court - Criminal Division, Pasco County Florida

FINDING OF PROBABLE CAUSE

I, MAYNARD F. SWANSON have reviewed this affidavit and do find there is/~~is not~~ probable cause to hold and bind over for trial the defendant named in this affidavit.

[signature]
JUDGE MAYNARD F. SWANSON

July 10, 2001
DATE

SE01-23535; SE01-23523; SE01-23505; SE01-23500; SE01-235497; SE01-23495; SE01-23409; 0612sa/mg21

10

15

20.

68514
5-19-01 ER

Hersch & Kelly, P.A.
ATTORNEYS AT LAW
LARRY S. HERSCH
JAMES E. KELLY

LOCATION:
12243 U.S. HIGHWAY 301
DADE CITY, FLORIDA 33525
MAILING ADDRESS:
POST OFFICE BOX 1046
DADE CITY, FLORIDA 33526
PHONE: (352) 567-2442
FAX: (352) 567-2475

RECEIVED
OCT 08 2001

D-14

October 3, 2001

East Pasco Medical Center
7050 Gall Boulevard
Zephyrhills, Florida 33541

Attention: Medical Records

Re: My Client/Your Patient - Kevin L. Burns
Date of Birth - 3-26-84

Dear Sir or Madame:

Please be advised my firm represents Kevin Lee Burns. I am enclosing herewith a Medical Authorization Release, which has been signed by Davy Burns, the Father and Natural Guardian of Kevin Burns. I am interested in obtaining any and all records pertaining to my client's admission at your facility on May 19, 2001, or May 20, 2001.

Thank you for your assistance regarding this matter.

Very truly yours,

HERSCH & KELLY, P.A.

By: [signature]
James E. Kelly

JEK/sss
Enclosure

Counsel New about the baker act,

COPIED
OCT 22 2001

11

D-13

9/04/09
15:38:42

HTE CAD
CAD CALL INFORMATION

PAGE 1
011390700

Call Number: 011390700 Call Type.: 290 Suicide, Threats Police
Entry Day/Tm: 5/19/01 17:21:56 290 Suicide, Threats Police
CmnN:
Call Taker.: 1218 BLACK Agency.........: 001 PASCO COUNTY SHER
Dispatcher.: 1524 GOTTSMAN DELILAH SOCTKR07S1
HARLEY SODISP03S2

N A R R A T I V E

| | |
|---|---|
| FR ADVISED RECEIVED CALL FROM 17 YAO | |
| ADVISED IT'S OKAY AND HUNG UP | 17:23:00 |
| FR ADVISING THAT SUBJ DID CUT HIS WRIST | 17:23:00 |
| OPR 3 | 17:23:00 |
| ATTEMPTING TO GET LAND LINE | 17:23:00 |
| OPR 3 | 17:23:24 |
| | 17:23:24 |
| F/R INDICATED THEY ARE STAGING, OPR12----82 | |
| | 17:23:51 |
| SPEAKING TO A MALW SUBJ ADIVSING THAT HE CUT HIS ARM | |
| BUT NOT BLEEDING HUNG UP ON ME | 17:25:00 |
| KEVIN BURNS NOW ADVISING THAT HE IS BLEEDING | 17:25:00 |
| FR 1051 | 17:26:14 |
| SUBJ ADVISING BEEN DOING ACID | 17:26:14 |
| USED 1 HIT | 17:27:18 |
| KEVIN PUT THE PHONE DOWN NOY ANSWERING OPR | 17:27:18 |
| | 17:39:14 |

JUVENILE

Pasco Sheriff's Office — Offense Incident Report
Case Reference: BAKER ACT
Report #: 01-023094-01
Date: 10/21/09

Reporting Person
Name: KEVIN LEE BURNS
Seq #: 001
Race: WHITE Sex: MALE
Address: 7420 ORCHARD DR, ZHL, FL 33544 DOB: 3/26/84 Age: 017
Residence Phone: ([redacted])
Business Phone:
Employer Name: Occupation: UNEMPLOYED ← So CAN'T OWN A BRAND NEW CAR

Pasco Sheriff's Office — Continuation Sheet (1)
Case Reference: BAKER ACT
Report #: 01-023094-0001
Date: 05/20/01

On 05/19/01 at approximately 1730 hours, I was dispatched to 7420 Orchard Drive, Wesley Chapel, 33544, reference a seventeen year old juvenile who had cut his wrist. Upon my arrival, I met with Kevin Burns, who was being treated by paramedics from Pasco Fire Rescue Station #13. The paramedics informed me Kevin would need stitches on his left wrist.

D-15

Upon speaking with Kevin, he was unable to give me a clear reason why he cut his wrist. Kevin told me that he had cut himself with a steak knife. Kevin also said he did not mean to cut his wrist, however, he also stated he had intentionally cut himself. Kevin told me his brother, Glen, was at the house in his bedroom. ← GAVE CONSENT FOR INTERVIEW LATER

Upon speaking with Glen, he told me Kevin had never tried to hurt himself before. Glen also told me he did not know why Kevin had cut his wrist.

While interviewing Kevin, I noticed several piles of construction material and when questioned, Kevin admitted to stealing the materials from numerous construction sites.

Sergeant Rowan was at the scene and upon discovery of the construction material, contacted Detective Greiner.

| Pasco Sheriff's Office | Continuation Sheet (1) | |
|---|---|---|
| Case Reference: NARCOTICS VIOLATION | | Report #: 01-022093-00( |
| | | Date: 05/20/( |

On 05/19/01, I was dispatched to 7420 Orchard Drive, Wesley Chapel, 33544, in reference to a juvenile having injured himself. Upon my arrival, I met with Kevin Burns. While interviewing Kevin, I noticed the headlights of his vehicle had been left on and I asked permission from Kevin to search his vehicle, for which he gave consent. During the search of the vehicle, the above listed items had been found along with some marijuana. A presumptive test had been done on the marijuana and the results were positive.

I took Kevin to the East Pasco Medical Center where he was treated by Doctor Hunter for a laceration to his wrist. Doctor Hunter advised Kevin Burns received three staples to his left wrist and released him to my custody, medical record #3854.

I then transported Kevin Burns to District II Patrol where we were met by Detective Greiner. Kevin Burns was read Miranda and agreed to speak with myself and Detective Greiner about some stolen property which was located at his residence and he admitted to stealing. Detective Greiner temporarily took custody so Kevin Burns could show him the locations the items had been stolen from (see Detective Greiner's supplement report).

Detective Greiner, after his interview, transported Kevin Burns to the Land 'O' Lakes Detention Center, where he was booked for misdemeanor possession of marijuana. I then recontacted Detective Greiner and Kevin Burns, transporting him to the Harbors for the Baker Act due to him cutting his wrist (see case #01-23094). I placed the evidence into the Dade City evidence chute. No further action taken by this writer.

Narrative read back to 2054 by 2110 at Station 4

D-16

| | Administrative | |
|---|---|---|
| Reporting Member - ERIC BROWN<br>Supervisor: THOMAS ROWAND<br>Status: CLEARED BY ARREST<br>Referred to: S.A.O. EAST | CJIS#: 2054<br>CJIS#: 367 | Reporting Date: 05/20/01<br>Date approved: 05/20/01 |

| Pasco Sheriff's Office | Continuation Sheet (2) | Report #: 01-022093-0002 |
|---|---|---|
| Case Reference: NARCOTICS VIOLATION | | Date: 05/20/01 |

| | Narrative | |
|---|---|---|

On the above listed date and time, I arrived at the above

location to assist Deputy Hink. I photographed the suspect's vehicle, stolen property, and the outside of his residence.

I made contact with possible victim/[redacted] via telephone. He was not able to identify the property allegedly stolen from his shed. [redacted] did not file a report at the time of the theft. [redacted] advised he will contact with Pasco County Sheriff's Office at a later date with the complete list of missing property.

I also assisted Detective Greiner with the recovery of the stolen property. Case referred to the Property Crimes Unit. No further action.

Narrative read back to 2019 by 1674 at Station 9

| | Administrative | |
|---|---|---|
| Reporting Member - VERLE JOHNSON<br>Supervisor: THOMAS ROWAND<br>Status: CLEARED BY ARREST<br>Referred to: S.A.O. EAST | CJIS#: 2019<br>CJIS#: 367 | Reporting Date: 05/20/01<br>Date approved: 05/20/01 |

Add ten seized items. Case was previously cleared with arrest.

Original document of record is on file in the Records Unit.

| | Administrative | |
|---|---|---|
| Reporting Member - STEVEN GREINER<br>Supervisor: ORIGINAL ON FILE<br>Status: CLEARED BY ARREST<br>Referred to: S.A.O. EAST | CJIS#: 645<br>CJIS#: 9997 | Reporting Date: 05/24/01<br>Date approved: 00/00/00 |

INVESTIGATION: On 05/19/01 at 1900 hrs. I was called out to assist Cpl. Hink in an investigation. I responded to the Dist. II office and met with Cpl. Hink and his trainee, Deputy E. Brown. I was advised post miranda by card Mr. Burns had requested and agreed to point out several construction sites that he had burglarized. Mr. Burns had been arrested for possession of marijuana and he had also cut his wrists earlier in the day. His interview and transport was done with the knowledge and consent of his father. I took custody of Mr. Burns and responded to the Wesley Chapel area. He advised me he stole a box of caulk and a door that was inside the garage of this home under construction. I observed that all these homes had the walls and roof completed, but did not have doors or windows hung yet. 01-22093

I took his handcuffs off and he voluntarily pointed out all the stolen property

| OFFENSE: NARCOTICS VIOLATION | VICTIM: STATE OF FLORIDA | CASE NO: 01-22093 |
|---|---|---|

a tackle box and a drill holder. Kevin also advised me a white and green tackle box, a blue drill holder and a car amplifier in his home were also stolen. He said he stole these items from [redacted] residence. A check with [redacted] showed he was not missing any property.

We loaded most of the stolen property onto the agency wrecker. Mr. Burns admitted stealing approximately 30 sheets of plywood from another location. The plywood had already been used to construct a large room at the rear of this residence. The room was approximately 15' long by 12' wide and it would have been very difficult to rip apart the plywood to seize it as evidence. Deputy Peteck took photographs of all the evidence. The department wrecker assisted in impounding the stolen property and transporting it to a secured area. I met Mr. Glen Burns. He confirmed that he had given permission for his son to be interviewed. He said he thought that his son was getting the construction materials from the job sites he had worked on. He said he thought these materials were scrap or at times his son would tell him he purchased the lumber and other materials. Kevin Burns stated he would use his father's van to steal construction materials from job sites while on the way home from his regular job at Residential Drywall.

He then agreed to lead me to other locations where he stole more materials. back to the area of S.R. 54 and I-75. Mr. Burns was asked about why he had cut his wrists and if he was really trying to kill himself earlier this date. He told me he was not really trying to kill himself and he was only trying to get attention. He said he was a little depressed because he could not get a girlfriend and he said he stole all these materials to build his own room, in the hopes that a girl would stay with him if he had his own place. He said he never wanted to kill himself. I asked him if he had used drugs today and he replied he was high on "rolls" earlier in the day, but that he was fine now. He said his "high" went away after he had left the hospital. He did not appear to be under the influence of drugs and he appeared alert during my interview with him. We passed the Lexington Oaks Subdivision and he advised me to turn around. He lead me to the area of 5322 War Admiral Drive in the Saratoga Village Subdivision of Lexington Oaks. He told me he stole more "mud" from one of the three houses under construction, but he was not sure of which one. He said he was unable to remember any other construction site thefts.

I transported him to Land O'Lakes Detention Center and he was processed for the possession of marijuana charge. A thorough computer check revealed none of these locations which Mr. Burns pointed out had any record of any reported crimes. Due to none of these offenses being reported, I was not able to charge Kevin with any crimes at this time. A computer check of the car amplifier yielded negative results. I completed a property receipt for all the recovered stolen property and I also entered Kevin's written and taped confessions into evidence. Kevin also signed a waiver of rights form.

| Under penalties of perjury, I declare that I have read the foregoing (document) and that the facts stated in it are true, to the best of my knowledge. | | COPIES TO: | |
|---|---|---|---|
| SIGNATURE: [signature] | DATE: 5-24-01 | REFERRED TO: | |
| | | RETAINED BY: | |
| NAME PRINTED: DET. S. GREINER | CJIS: 645 | RELATED REPORTS: | |
| SUPERVISOR: A/SGT. [signature] | CJIS: 672 | DATE: 5/25/01 | PG. 02 OF 04 |

131809260000140 EXHIBIT NO. B7E PAGE: 30 OF 45

Pasco County Sheriff's Office
CONTINUATION SHEET

D-12

01-22093

OFFENSE: NARCOTICS VIOLATION VICTIM: STATE OF FLORIDA CASE NO: 01-22093

I contacted the Juvenile Detention Center and was advised Mr. Burns did not meet the requirements for juvenile incarceration at their facility. I contacted Sgt. Rowan and advised him although Mr. Burns said he did not want to kill himself, he should be taken to a secure facility for further observation. Cpl. Hink responded to the jail and placed Mr. Burns into protective custody. At that time he was transported to the Harbors for further treatment.

I will attempt to contact each of these locations during business hours, to ascertain if the victims are aware their property was stolen.

See report #01-23409

Nothing further at this time.

131809260000140 EXHIBIT NO. B7E PAGE: 36 OF 45

Client Name: Burns, Kevin

Client #: 54288

HARBOR EMERGENCY SERVICES
PROGRESS NOTE

*SUMMARY*

This is a seventeen-year-old male presenting on involuntary legal status for mental health crisis assessment due to BA52 due to cutting wrists while under the influence of Hallucinogens. Currently appears physically stable and is dressed inappropriately, however may be considered appropriate to season. Was transported by law enforcement and was not accompanied to assessment

*MENTAL STATUS*

Is alert, oriented to time, place, person and situation. Is responsive and yet. Judgment is poor. Memory appears intact. Denies psychotic symptomotology and none is evident at assessment. Reliability is considered poor.

*DIAGNOSIS*

292.84 Hallucinogen induced mood disorder, with onset during intoxication
304.30 Cannabis Dependence
GAF = 31

Melissa M. Galik, BSEd, Screener
Date: 05-20-01
Start Time: 0107 End Time: 0210
Service Code: 38

Under penalties of perjury, I declare that I have read the foregoing (document) and that the facts stated in it are true, to the best of my knowledge.

SIGNATURE: DATE: 5-24-01

NAME PRINTED: DET. S. GREINER CIDS: 645

SUPERVISOR: JCG CIDS: 671 DATE: 5/25/01 PG.

COPIES TO:
REFERRED TO:
RETAINED BY:
RELATED REPORTS:

JUN-20-2000 22:41 SSA

9

P.029

D1

EXHIBIT NO. I
PAGE: 11 OF 1

PASCO COUNTY SHERIFF'S OFFICE

VOLUNTARY STATEMENT FOR

01-22093 ~~23092~~

CASE #: 01-~~23093~~

I, Kevin L Burns am writing this statement of my own free will. My statement is:

That I went around and collect Building materials to build me a room around back To tack a girl to Spend time

PRINTED NAME: Kevin Burns

SIGNATURE: [signature]

DATE: 5-19-01

WITNESS (Printed Name): STEVEN GREINER

WITNESS SIGNATURE: [signature]

WITNESS (Printed Name):

WITNESS SIGNATURE:

17

EXHIBIT NO. B7E
PAGE: 33 OF 45

1318092600000140

18

Pasco County Sheriff's Office

# PROPERTY RECEIPT

D-2

1. TYPE OF CASE: RECOVERED STOLEN PROPERTY
2. PAGE 1 OF 2 PAGES
3. PROPERTY CLASSIFICATION: ☒ EVIDENCE ☐ LOST/FOUND ☐ SECURITY
4. SPECIAL INSTRUCTIONS: ☒ HOLD FOR TRIAL ☐ RETURN TO OWNER ☐ SEND TO LAB ☐ TO BE DESTROYED
5. DEFENDANT: KEVIN BYRNS — D.O.B. 3-26-84 — ☐ ADULT ☒ JUVENILE — ADDRESS
6. OWNER'S NAME: UNKNOWN — ADDRESS: " " — PHONE NO.
7. DISCOVERED BY: PCSO — ADDRESS: 37312 HOWARD AVE. DADE CITY — PHONE NO. 352-521-5100
8. ADDRESS OR LOCATION WHERE PROPERTY WAS LOCATED: 7420 ORCHARD DR. WESLEY CHAPEL, FL — DATE & TIME: 5-19-01 2130

| 9. ITEM # | 10. QTY | 11. DESCRIPTION OF PROPERTY | BIN |
|---|---|---|---|
| 1 | 8 | 2×4×8 | |
| 2 | 11 | 2×6×14 | |
| 3 | 2 | 2×4×10 | |
| 4 | 1 | ROLL CONCRETE WIRE | |
| 5 | 1 | 4×8 PLYWOOD | |
| 6 | 6 | BOXES SHEET ROCK MUD | |
| 7 | 1 | 32×80" DOOR | |
| 8 | 20 | MOLDING | |
| 9 | 1 | WHT/GREEN TACKLE BOX | |
| 10 | 1 | BLUE DRILL HOLDER | |
| 11 | 2 | (ITEMS AT GARAGE) (DC) TAPED/WRITTEN CONFESSION | |

12. NCIC/FCIC CHECK OPR. ___ TIME ___ NCIC/FCIC ENTERED OPR. ___ TIME ___ DATE ___ CASE NO. 01-23233 [illegible]

13. I CERTIFY THAT I AM THE OWNER OF THE ABOVE LISTED PROPERTY TAKEN FROM MY POSSESSION:
X

14. I CERTIFY THAT THE PROPERTY TURNED IN BY ME TO THE PASCO COUNTY SHERIFF'S OFFICE IS NOT MINE.
X

15. THE ABOVE LIST REPRESENTS ALL PROPERTY IMPOUNDED BY ME IN THE OFFICIAL PERFORMANCE OF DUTY AS A DEPUTY SHERIFF:
X [signature] SIGNATURE — CJIS# 645 — STEVEN GREIM PRINTED NAME — CJIS# 645

16. DATE & TIME IMPOUNDED BY OFFICE: 5-19-01
17. PROPERTY / EVIDENCE LOCKER #: D.C.

BLOCKS 18 THROUGH 21 AND BLOCK 23 ARE FOR IDENTIFICATION DIVISION USE ONLY

| 18. DATE & TIME REC. | 19. ITEM # | 20. TRANSACTION | 21. ACKNOWLEDGING SIGNATURE |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

22. I, THE CERTIFIED OWNER, RECEIVED THE ABOVE LISTED PROPERTY:
X

23. DATE & TIME REC. BY PROP. CLERK

24. DATE & TIME RELEASED

25.

NOT ATTEMPT TO CLAIM PROPERTY WITHOUT ARRANGING FOR AN APPOINTMENT WITH THE PROPERTY CLERK.

18

IN THE NAME AND BY THE AUTHORITY FOR THE STATE OF FLORIDA:

BERNIE McCABE, State Attorney for the Sixth Judicial Circuit of Florida, in and for Pasco County, prosecuting for the State of Florida, in the said County, under oath, Information makes that

KEVIN LEE BURNS

in the County of Pasco and State of Florida, on or between the 21st and the 30th days of April, in the year of our Lord, two thousand one, in the County and State aforesaid, unlawfully and without invitation or license did enter or remain in that certain structure, the dwelling of Wayne Scott and/or Central Drywall, Inc., located at 5328 War Admiral Drive, in the City of Wesley Chapel, in the County and State aforesaid, the property of Wayne Scott and/or Central Drywall, Inc. with the intent to commit an offense therein, the said structure at the time not open to the public; contrary to Chapter 810.02(3), Florida Statutes, and against the peace and dignity of the State of Florida. [C3]

APART OF THE COURT RECORD AND CASE FILE ↑(↓ NOT)

PASCO COUNTY PROPERTY APPRAISER PRINT OUT

| Parcel ID | 10-26-19-0050-03200-0100 (Card: 1 of 1) |
|---|---|
| Classification | 00100-Single Family |

**Mailing Address**
ROVER RANDY J & CHRISTINE P
5328 WAR ADMIRAL DR
WESLEY CHAPEL, FL 33544-5505

**Physical Address**
5328 WAR ADMIRAL DRIVE,
WESLEY CHAPEL, FL 33544

**Legal Description** (First 200 characters)
See Plat for this Subdivision
LEXINGTON OAKS VILLAGE 32A AND VILLAGE 33 PB 40 PG 132 BLOCK 32 LOT 10 OR 6395 PG 1040

**Jurisdiction**
Pasco County, Board of County Commissioners

**Property Value**

| | |
|---|---|
| Ag Land | $0 |
| Land | $26,502 |
| Building | $190,363 |
| Extra Features | $1,004 |
| Just Value | $217,869 |
| Assessed (Non-School Amendment 1) | $138,690 |
| Homestead | -$25,000 |
| Additional Homestead | -$25,000 |
| Non-School Taxable Value | $88,690 |
| School District Taxable Value | $113,690 |

Warning: A significant taxable value increase may occur when sold.
Click here for details and info. regarding the posting of exemptions.

**Land Detail** (Card: 1 of 1)

| Line | Use | Code | Description | Zoning | Units | Type | Price | Condition | Value |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 0100R | LP1-1 | SFR | MPUD | 5,248.00 | SF | $5.05 | 1.00 | $26,502 |

**Additional Land Information**

| Acres | Tax Area | FEMA Code | Neighborhood Code(s) |
|---|---|---|---|
| 0.12 | 36LX | X | LXOK |

View Sketch **Building Information** - Use 0100-Single Family Residential (Card: 1 of 1)

| | | | |
|---|---|---|---|
| Year Built | 2002 | Stories | 2.0 |
| Exterior Wall 1 | Tile or Wood Frame Stucco | Exterior Wall 2 | Concrete Block Stucco |
| Roof Structure | Gable or Hip | Roof Cover | Asphalt or Composition Shingle |
| Interior Wall 1 | Drywall | Interior Wall 2 | None |
| Flooring 1 | Carpet | Flooring 2 | None |
| Fuel | Electric | Heat | Forced Air - Ducted |
| A/C | Central | Baths | 2.0 |

Line Code Description

ADMISSION DATE: 5/29/01

PROGRAM: 31-TASC

COURT CASE #: 01-1267DLAES

DOB: 03/26/84

THE HARBOR

BEHAVIORAL HEALTH CARE INSTITUTE

BIOPSYCHOSOCIAL ASSESSMENT

INTERVIEW SETTING: Pasco County Juvenile Detention Center.

IDENTIFYING INFORMATION: Kevin is a 17-year-old single white male with brown eyes and black hair. He denies having any tattoos or pierced body parts. He has a scar across his left wrist from a recent suicide attempt.

REFERRAL SOURCE: Kevin was referred by The Department of Juvenile Justice. His counselor there is Margit Chipman.

PRESENTING PROBLEM/CHIEF COMPLAINT/SYMPTOMS: Kevin was referred due to his danger to self, criminal activity and substance abuse. He was brought to the Detention Center from The Harbor Crisis Unit where he had been Baker Acted following a suicide attempt. He is currently charged with one count of trespassing and seven counts of burglary. He was in a diversionary program following 2/23/01, charges of marijuana possession, narcotic equipment possession, trespass and larceny.

MEDICAL HISTORY: Kevin reports his health is good. He is receiving medical care for a cut left wrist. He was hospitalized for that following a suicide attempt. He had staples put in his wrist. He was then Baker Acted to The Harbor and released to the Juvenile Detention Center. He reports his only major medical problem in the past has been a concussion at age 16. He denies any other major medical problems. He denies any family history of major medical problems.

DEVELOPMENTAL HISTORY:

MENTAL HEALTH TREATMENT HISTORY: Kevin was Baker Acted to The Harbor on 5/20/01 following a suicide where he cut his left wrist with a steak knife. He denies any other mental health treatment history.

DATE: 5/29/01
NAME: Burns, Kevin

PAGE 3 OF 5
CASE #0054288

LEGAL HISTORY: Kevin is currently charged with seven counts of burglary and one trespass on a construction site. This is the result of his intention to build an addition on his room. He reports having taken materials such as plywood, two-by-fours, shingles and dry wall mud. He has 2/23/01 marijuana possession, narcotic equipment possession and trespass and larceny charges for which he has been placed on a diversionary program. Other previous charges include an 11/29/97 retail theft and a 4/29/96 other misdemeanor for cutting down a fence so he could ride dirt bikes.

DATE: 5/29/01
NAME: Burns, Kevin

PAGE 6 OF 6
CASE #0054288

PAGE 5 OF 5
CASE #0054288

DIAGNOSTIC IMPRESSIONS:

AXIS I: 312.89 - Conduct disorder,
304.30 - Cannabis dependence
305.30 - Hallucinogen abuse
R/O ...

AXIS III: None.

AXIS IV: Legal charges.

AXIS V: GAF= 35

20